Dear Mr. Murray:
This office is in receipt of your request for an opinion of the Attorney General in regard to licensing of pawnbrokers. You point out that Act 391 of 1993, the Louisiana Pawnshop Act, covering the licensing and regulation of pawnbrokers, contains a "grandfather clause" for pawnbrokers who were in business for one full year before the effective date of the act, September 1, 1993. R.S. 37:1787 lists requirements which must be met for licensing and includes that an applicant shall not have been convicted of a felony under the laws of the United States, the State of Louisiana, or any other state or territory within ten years. You state this has caused some questions to arise in regard to applicants involved in criminal proceedings less than ten years but who may be grandfathered in. Accordingly, you ask the following questions:
 1. Does R.S. 37:1786(E), the grandfather provision, exempt "any applicant who owns a pawnshop that was licensed and doing business in this state for at least one year immediately prior to September 1, 1993" from Section 1787(A)(2), which requires that an applicant shall "not have been convicted of a felony under the laws of the United States, the state of Louisiana, or any other state or country within the last ten years";
 2. Does the phrase, "without the commissioner performing any further investigation of facts", as used in Section 1786(E), mean that the Office of Financial Institutions has no authority to make a determination whether a grandfathered pawnshop licensee meets the requirements for a new or renewal license or to take enforcement action authorized by either Section 1806 or Section 1807;
 3. Considering R.S. 37:1786(E) and 1787(A)(2) in pari materia, does the disposition of the case against Applicant #1 render him ineligible for a license;
 4. Is the disposition of the criminal proceedings against Applicant #2 a felony conviction within the intendment of R.S. 37:1787 (A)2), thus rendering him ineligible for a pawn broker's license; and
 5. If, through a mistaken understanding of R.S. 37:1787(A)(2), a license was issued to each of the applicants, is it legally possible to revoke the license by utilizing either R.S. 37:1806 or 1807.
Act 391 of 1993 enacted R.S. 37:1781-1799.10 as the Louisiana Pawnshop Act and repealed R.S. 37:1751-1771, and provides as you note that no person shall do business as a pawnbroker without first having obtained the required license, and must meet the list of requirements to be eligible which includes not having been convicted of a felony within the last ten years.
Causing your concern is the grandfather clause providing in R.S.37:1786 as follows:
 Any applicant who owns a pawnshop that was licensed and doing business in this State for at least one year immediately prior to September 1, 1993 shall be entitled to receive one or more licenses by applying to the commissioner no later than Sept. 1, 1993 and the payment of the fees * * * without the commissioner performing any further investigation of facts. When an applicant owns more than one pawnshop and at least one has been licensed and doing business for more than one year, all of the applicant's pawnshops licensed and operating at the time of enacting this Part shall be eligible for a license pursuant to this Subsection.
We have to conclude that this provision mandates a license be issued without question to any applicant who had been doing business in this State for at least one year prior to September 1, 1993. While the provisions may not be clear that the eligibility requirements need not be met wherein it states the license issue "without the commissioner performing any further investigation of facts", we feel this is obvious when the entire provision is read. It clearly states when the applicant has more than one pawnshop and been in business at least one year he "shall be eligible for a license". There is no reason to think an applicant with more than one pawnshop would be treated differently than the applicant with just one shop, and it follows each would be eligible for a license without consideration of the eligibility list.
We also feel Atty. Gen. Op. 87-252 should be considered in answering your questions. Under consideration was licensing for a bail bond business which prohibited a license be issued to any person who had been convicted of a felony within ten years preceding the date of application. This office observed that a governor's pardon erases the fact of the conviction whereas the automatic pardon for a first offense restores the basic rights of citizenship that were suspended upon conviction but does not erase the fact of the conviction. Therefore, it was concluded with a gubernatorial pardon a license under R.S. 22:1167(D) may be issued, but under the automatic first pardon a license should not be issued to those felons.
Under that opinion with regard to the two applicants in question we find the documents for one states he received "a full pardon", and with the other the court found the best interest of society and the defendant would be served if the court "defer further proceedings without an adjudication of guilt". Therefore, we do not feel either of these "convictions" could be considered as ineligibility of the applicants, although it is not clear exactly what is meant by the reference to having obtained "a full pardon". However, we particularly note that there was no discussion in the opinion of a grandfather clause which we feel renders the opinion inapplicable to the present issue.
We cannot understand the purpose of the clause if it is not applied to the applicants in question or any others in a similar position. Black's Law Dictionary defines "grandfather clause" as "Provision in a new law or regulation exempting those already in or a part of the existing system which is being regulated. An exception to a restriction that allows all those already doing something to continue doing it even if they would be stopped by the new restriction." This definition is consistent with the reasoning of the Louisiana Supreme Court in Southland Corp. v. Collectors of Rev. of Louisiana, 321 So.2d 501(La. 1975) wherein it was stated as follows:
 Clauses of this kind are adopted to recognize and continue in force as a matter of right service performed on the effective date of the act; that is, to extend certain prerogatives to persons and entities theretofore established in the profession, occupation, or business being regulated, those seeking to qualify at a future date being relegated to the statute's main provisions. * * * Such a clause is often inserted in licensing legislation that is concerned with the regulation of a particular activity under the view that persons who have properly carried on the activity for some time, or who are engaged therein as of a specified date, may be presumed to have the qualifications that are needed for carrying on the activity. (Emphasis added.)
With this understanding of the intent of a "grandfather clause" and reading the Part as a whole, we find in answer your first and second question that the grandfather clause exempts an applicant who falls within the clause from Section 1787(a)(2), and that the Office of Financial Institutions has no authority to make a determination whether a grandfathered pawnshop licensee meets the requirements for a new or renewal license or take enforcement action. They are presumed to be qualified.
As stated above, we do not believe applicant 1 or 2 are ineligible to obtain a license having been grandfathered in, in addition to the fact they either have a full pardon or not adjudged guilty.
These conclusions render your fifth question moot insofar as revoking the license that was issued.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR